IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE GUADALUPE CAZARES HERNANDEZ, BOP ID 61980-509,  Movant, | CIVIL ACTION NO. 1:22-CV-4373-LMM-CMS |
| v. | CRIMINAL ACTION NO. 1:21-CR-324-LMM-CMS |
| UNITED STATES OF AMERICA,  Respondent. | |

## FINAL REPORT AND RECOMMENDATION

Jose Guadalupe Cazares Hernandez (Movant) has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside or correct his federal sentence. *See* [Doc. 21]. For the reasons set forth below, I will recommend that his motion be denied.

Movant grew up in Jalisco, Mexico and illegally entered the United States in 2004. *See* [Doc. 17 (Movant's Sentencing Memorandum) at 2]. Movant was convicted in state court for "DUI" in 2004 and 2007, "one of which also charged him with carrying a concealed weapon at the time of his arrest." [*Id.*]. In 2011, Movant was convicted of a state felony drug trafficking offense and "received a sentence of 10 years imprisonment followed by 20 years on probation." [*Id.*]. It appears that Movant was actually incarcerated in the Georgia state prison system only from February 2012 until December 2014, *see* https://gdc.ga.gov/GDC/

Offender/Query (last viewed Apr. 7, 2023; searched for "Cazares, Jose"); *see also* Fed. R. Evid. 201, when he was removed to Mexico, *see* [Doc. 17 at 3]. Movant subsequently reentered the United States and was arrested in Fulton County for disorderly conduct and parole violations in January 2019. *See* [Doc. 18 (Government's Sentencing Memorandum) at 1–2]. In June 2019, Movant was convicted of disorderly conduct and "sentenced to 12 months of confinement" for that offense. [*Id.* at 2]. The balance of Movant's state parole for his 2011 felony drug offense was also revoked. *See* [Doc. 17 at 2]. And Movant was incarcerated in the Georgia state prison system a second time from June 2019 to June 2021, *see* https://gdc.ga.gov/ GDC/Offender/Query (last viewed Apr. 7, 2023; searched for "Cazares, Jose"), when he was "turned over to ICE," [Doc. 17 at 5].

In August 2021, Movant was indicted in this Court for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). *See* [Doc. 1]. His case was certified ready for trial in October 2021 and he entered a non-negotiated plea of guilty in November 2021. *See* [Docs. 13 & 14]. Movant was sentenced in February 2022 to a 28-month term of imprisonment. *See* [Doc. 19]. The Court's minute entry reflects that Movant did not object to the sentence, but that the government objected because the sentence was below the applicable guideline range. *See* [*id.*]. No appeal was filed.

This case is now before the Court on Movant's pro se § 2255 motion. *See* [Doc. 21]. Because Movant is proceeding pro se, I have construed his motion liberally. *See, e.g.*, *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). So construed, Movant raises two grounds for relief.

First, Movant contends that his rights under the Interstate Agreement on Detainers Act (IADA) were violated when the "United States Probation Office . . . issued a detainer against him for an unadjudicated conduct and imprisoned him for 30-months." [Doc. 21-1 at 15 (unaltered)]. Movant proffered no exhibit(s) in support of this conclusory claim, and the government responded that this claim is false. *See* [Doc. 26 at 5 ("there is no indication that USPO filed a detainer to hold [Movant]"). Given the procedural history recounted above which shows that Movant was charged, tried, convicted, and incarcerated only by Georgia (not the federal government) from 2004 through 2021, when he was first indicted for illegal reentry in this Court, his claim that the United States Probation Office filed a detainer is implausible. Any "probation violation" arose with respect to Movant's 2011 state felony drug conviction and sentence and was a state matter. Indeed, the United States Probation Office would not have become involved until Movant entered his federal guilty plea and a probation officer was called upon to prepare a presentence report. No relief is warranted on this factually unsupported and implausible claim.

Moreover, even assuming that any federal agency issued a detainer subject to the IADA, it has long been the rule in this circuit (and its predecessor) that failure to raise a claim under the IADA before filing a § 2255 motion waives the claim. *See, e.g.*, *United States v. Johnson*, 713 F.2d 654, 662 (11th Cir. 1983) (citing *United States v. Boggs*, 612 F.2d 991, 993 (5th Cir. 1980)). *See also New York v. Hill*, 528 U.S. 110 (2000) (holding that rights under the IADA are waivable). Thus, even assuming that any federal agency issued a detainer, no relief would be warranted on this claim because Movant waived it by not raising it sooner.

Second, Movant asserts that his "sentence was in excess of that applicable by law." [Doc. 21 at 5]. Specifically, Movant contends that he was subject only to the two-year statutory maximum sentence under 8 U.S.C. § 1326(a) because "the Government did not mention in Movant's indictment for unlawful reentry an earlier felony offense conviction," which he argues is a prerequisite to application of the twenty-year statutory maximum sentence under § 1326(b)(2). [Doc. 21-1 at 7]. Movant is mistaken. Addressing exactly this argument, the Supreme Court held that neither "[§ 1326(b)(2)] nor the Constitution require the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998). There was no error in computing

Movant's sentencing range or in the imposition by the Court of a below guideline sentence, and no relief is warranted on this claim.

Accordingly, I **RECOMMEND** that Movant's § 2255 motion [Doc. 21] be **DENIED**.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Movant does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000); 28 U.S.C. § 2253(c)(2).

I **FIND** and **CONCLUDE** that an evidentiary hearing is not required because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), and the Court "need not hold a hearing if the allegations are patently frivolous, based on unsupported generalizations, or affirmatively contradicted by the record," *Winthrop-Redin*, 767 F.3d at 1216 (quotation marks and citation omitted).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO REPORTED AND RECOMMENDED**, this 11th day of April, 2023.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE